

U.S. Department of Justice

Environment and Natural Resources Division

---

*Environmental Crimes Section*  *Telephone (202) 305-0366*
*P.O. Box 23985*  *Facsimile (202) 514-8865*
*Washington, DC 20026-3985*

November 19, 2014

**VIA ELECTRONIC FILINGC**
Honorable Jerome B. Simandle
United States District Court Judge
Mitchell H. Cohen Court House
1 John F. Gerry Plaza, P.O. Box 888
Camden, NJ  08101

Re:  *United States v. Todd Reeves, et al.*  (Crim. 11-520)

Dear Chief Judge Simandle:

The United States objects to an additional continuance of Todd Reeves' sentencing date.  Reeves seeks this continuance because the government's sentencing memorandum included multiple exhibits and relied on "trial testimony."  As explained below, these are insufficient reasons for this Court to grant yet another continuance and postpone sentencing which has already been delayed over two years.

With exception of letters from third parties to the Court, the defense received all of these documents prior to July of 2012.  In fact, the vast bulk of the sentencing exhibits is a single log book, the New Jersey call-in log from 2008, which was provided to the defendants in July of 2012.  This document is no more than a list of which vessels called in an intent to harvest oysters on which day in the 2008 season, and certainly should not take a significant amount of time to review again, even though it contains 239 pages.  Further, the government's use of the trial testimony is no reason for delay.  Both counsel and the defendants were there when the testimony was given at trial, and they have had access to the relevant testimony for nearly 2 ½ years.  The government's reliance on documents and statements which have been equally available to the defendants cannot constitute a reasonable basis for a continuance.

It should not come as a shock to the defendants that, at sentencing, the government would utilize the very testimony and documents offered at trial.  Unlike defendant Bailey (for whom the government did not object to a continuance) the Reeves have not cited any pressing family matters.  Unlike defendant Bryan (again, for whom the government did not object to a continuance) the Reeves need not be concerned with parallel civil proceedings.  The defendant has not provided any persuasive reasoning for yet another continuance, and therefore, the government is compelled to object to this continuance.  The Court need not postpone the sentencing again, after over two years of continuances.  For the Court's convenience, a list of the exhibits with a brief description is attached.

        Respectfully,

        /s/ Wayne Hettenbach
        WAYNE HETTENBACH
        Assistant Section Chief
        Environmental Crimes Section

Cc: All counsel (via ECF)

## EXHIBITS

- Exhibit A: A Memorandum of an Interview ("MOI") with Todd Reeves, was provided to the defendants in 2011.
- Exhibit B: A one page demonstrative exhibit which was used at trial.
- Exhibit C: A MOI with Pamela Meloney which was provided to the defendants in 2011.
- Exhibit D: A letter from the New Jersey Division of Fish and Wildlife, which was provided to probation in May of 2013.
- Exhibit E: MOIs with Mark Bryan, which were provided to the defendants in 2011.
- Exhibit F: A letter from Dr. Eric Powell to the Court.
- Exhibit G: A 2008 New Jersey call-in log, which includes no more than which vessels called in on which day to report oyster harvest. This document was provided to the defendants in 2012, was discussed with defense counsel and the Court at trial, and constitutes 155 of the 239 pages cited by Reeves.
- Exhibit H: A letter from the National Oceanic and Atmospheric Administration, Office of Law Enforcement to the Court.
- Exhibit I: A letter from the American Littoral Society to the Court.
- Exhibit J: A letter from the New Jersey Division of Fish and Wildlife to the Court.
- Exhibit K: A letter from the New Jersey Division of Fish and Wildlife Bureau of Law Enforcement.